JOSEPH ANDRADE, EMANUEL HOFFMAN AND RACHEL BENRIMO, ADMINISTRATORS, ETC., APPELLANTS, *v.* SAMUEL M. COHEN, ADMINISTRATOR, ETC., OF ESTELLA COHEN AND OTHERS, RESPONDENTS.

*Guardian — power of a surrogate to compel him to account — the surrogate cannot compel the representatives of a deceased guardian to account and pay over a balance found due from him.*

APPEAL from an an order and decree of the surrogate of the county of New York, made on the 21st of July, 1880, vacating a preceding decree allowing a guardian to resign and decreeing the payment by his administratrix of an amount adjudged to be due and owing from her intestate, as general guardian of Martha Cohen and others, who were his wards.

The intestate, Daniel Benrimo, was appointed the general guardian of the minor children of Moses S. Cohen. He was their uncle, and in that capacity received a personal estate belonging to them exceeding in amount the sum of $25,000. He filed his accounts with the surrogate, stating the securities and moneys held by him for them, and he continued to act from the time, of his appointment which was made in the year 1869, until the fall of 1874, when, upon statements of his accounts made for that purpose, he applied for leave to resign his guardianship of the children still remaining his

wards. On that occasion the amounts stated to be in his hands as the guardian of the four remaining minors was shown by his account and he was permitted to resign his guardianship. But for the purpose of still providing for the guardianship of the four minors, his brother, Abraham Benrimo was then appointed guardian in his place and stead. A receipt from the latter, dated on the 3d of December, 1874, was produced by Daniel Benrimo, showing the delivery by him of the estate of the minors to his brother, the succeeding general guardian. On its production to the surrogate, Daniel Benrimo was discharged from his guardianship and his sureties were declared not to be liable, for any future act, default or misconduct of Daniel Benrimo, on the bonds dated the 15th of December, in the year 1869.

This receipt was alleged to have been false and fraudulent in its statements, it being claimed that no such surrender of the infants' estate was made by Daniel Benrimo to his brother Abraham Benrimo. And upon these allegations chiefly, a petition on behalf of the wards was presented to the surrogate, requesting that the decree accepting the resignation of Daniel Benrimo and discharging him from the further care of the minors or their estates, should be revoked. That an account should be taken of the matters of the guardianship of Daniel Benrimo, and his administratrix ordered to pay the amount found due, and in default thereof that these bonds should be prosecuted. Upon this application the sureties, and the succeeding guardian and the administratrix of his predecessor, Daniel Benrimo, were required to appear before the surrogate for the purpose of meeting this application. They did so appear and contested the right of the petitioners to the relief demanded by them. The controversy was referred to a referee before whom the proofs were taken, and a report of it, together with his conclusions were made by him to the surrogate. That report was confirmed and the order and decree was then entered, from which this appeal has been taken.

The court at General Term, after examining the facts and holding that they justified the surrogate in setting aside the decree discharging the deceased general guardian, said: "But the residue of the decree by which the surrogate proceeded to adjudge that Daniel Benrimo, as general guardian of his infant wards, was indebted to them in the balances previous to his resigna-

tion stated by him, and decreeing such balances as an indebtedness against his estate, does not appear to have been within his authority. These were contested claims, and for that reason not within the jurisdiction of the surrogate. (*McNulty* v. *Hurd*, 72 N. Y., 518.) And being an amount claimed to be due and owing from a deceased general guardian by reason of his mismanagement of the estate of his wards, jurisdiction over an accounting to ascertain its existence and decreeing its payment was not conferred by the statute upon the surrogate. His powers are defined and limited by statutory enactments, and where they are not expressly derived in that manner or by clear implication, he has not been invested with them. No express or implied powers were conferred upon him to investigate and settle the accounts of a deceased guardian. The statute, on the contrary, so far as it related to the subject, in its terms simply empowered the surrogate to require and take an accounting on the part of the guardian himself. (3 R. S. [6th ed.], 171, §§ 32–37.)

" By neither language or implication was the power given to him to settle the accounts of the deceased guardian by a proceeding taken before him against his administratrix. This point was considered in *Farnsworth* v. *Oliphant* (19 Barb., 30), and the provisions of the statute were then so construed by the court, and no authority has been found in any manner conflicting with this view. That portion of the decree, therefore, by which the surrogate directed the payment of the indebtedness by the administratrix of the estate of Daniel Benrimo, and in default thereof that his sureties should be prosecuted on their bonds, cannot be maintained. To that extent the decree should be reversed; but as to the residue setting aside the order or decree accepting the resignation of Daniel Benrimo and discharging him and his sureties, it should be affirmed, but neither party should recover costs on this appeal."

*A. R. Dyett*, for Rachel Benrimo, administratrix, and Emanuel Hoffman, appellants.

*Charles Edward Souther*, for Joseph Andrade, appellant.

*Albert Cardozo*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Decree modified as directed in opinion, and affirmed as modified, without costs to either party.